IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| LATTHEN CHANCE DOUGLAS | § | |
| VS. | § | CIVIL ACTION NO. 1:18cv309 |
| DIRECTOR, TDCJ-CID | § | |

ORDER OVERRULING OBJECTIONS AND PARTIALLY ADOPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Latthen Chance Douglas, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a prison disciplinary proceeding.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, for consideration pursuant to 28 U.S.C. § 636 and applicable orders of this Court. The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge recommending the petition be denied with prejudice.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. Petitioner filed objections to the Report and Recommendation.

The court has conducted a *de novo* review of the objections. After careful consideration, the court is of the opinion the objections are without merit. The magistrate judge correctly stated that as petitioner did not lose previously earned good conduct times credit as a result of his disciplinary conviction, he was not entitled to due process before receiving the punishment imposed. *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995); *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). Further, as petitioner did not lose previously earned good conduct time credits, a finding in his favor in this matter will have no direct effect on the fact or duration of his confinement. He therefore may not challenge his disciplinary conviction in a petition for writ of habeas corpus.

In his petition and his objections, petitioner does allege facts that could give rise to civil rights claims. Petitioner's civil rights claims will be severed into a new lawsuit.

## ORDER

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. Petitioner's civil rights claims are **SEVERED** from this action and shall proceed as a separate lawsuit. The Clerk of Court is directed to assign a separate civil action number to the civil rights claims and assign the new action according to the regular practice for allotment of newly-filed civil actions. The petition shall be filed as the initial pleading in the new action. Petitioner's objections (doc. no. 10) shall be filed as a supplemental complaint in the new action. Pedro Boykin shall be listed as the defendant in the new action. A final judgment shall be entered denying the petition.

In addition, the court is of the opinion that the petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying federal habeas relief may not proceed unless a judge issues a certificate of appealability. *See* U.S.C. § 2253. The standard that must be met in order to receive a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner is not requited to demonstrate that he would prevail on the merits. Rather, he need only demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented in the petition are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

In this case, the petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions raised by petitioner have been

consistently resolved adversely to his position and the questions presented are not worthy of encouragement to proceed further. As a result, a certificate of appealability shall not issue in this matter.

    **SIGNED** this the **30** day of **April, 2020.**

                                              Thad Heartfield
                                              United States District Judge